IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 1:20-CR-78 |
| | ) | |
| LAMONT DEWAYNE DEWALT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, Chief District Judge.

The defendant-inmate, Lamont Dewalt, filed a motion asking the Court to release him to home confinement to care for his ill father. The Court treats this filing as a motion for sentence reduction based on family circumstances. *See* U.S.S.G. § 1B1.13(b)(3); 18 U.S.C. § 3582(c)(1)(A). But there are no extraordinary and compelling circumstances, and the sentencing factors do not support a sentence reduction. The motion will be denied.

**I.  Procedural History**

In 2020, Mr. Dewalt pled guilty to two counts of distribution of heroin, one count of possession with intent to distribute methamphetamine, and one count of possession of a firearm by a felon pursuant to 18 U.S.C. §§ 922(g)(1), 924(a)(2). Minute Entry 05/07/2020; Docs. 1, 14. The Court sentenced him to 140 months imprisonment to be followed by three years of supervised release. Doc. 40 at 2–3. On September 13, 2021, the judgment was amended, and Mr. Dewalt's sentence was reduced by one month to 139 months. Doc. 59 at 2.

In December 2024, Mr. Dewalt filed a motion for compassionate release, Doc. 62, which he later withdrew. Doc. 66. He then filed the current motion in May 2025, seeking a sentence reduction based upon the medical condition of his father, Reginald Wayne Lyons, who suffers from stage IV prostate cancer. Doc. 67 at 1–2. Mr. Dewalt contends he is the only available caregiver for his father. *Id*. at 2. Through counsel, Mr. Dewalt has provided medical records, letters, and affidavits related to his father's condition. Docs. 67-1 to 67-5, 77-1. He has also submitted documentation to support his rehabilitative efforts and his employment upon release. Docs. 68-1, 70-1, 71-1. The Probation Office has filed a memorandum setting forth the results of its investigation into Mr. Dewalt's release plan and summarizing Mr. Dewalt's prison record. Doc. 75. The government opposes the motion. *See* Doc. 72.

## II. Relevant Facts

### A. Criminal History and Crime of Conviction

Mr. Dewalt's criminal record includes misdemeanor assault offenses, Doc. 33 at ¶¶ 33, 38, felony drug offenses, *id*. at ¶ 41, felony obtaining property by false pretenses, *id*. at ¶ 37, and a felony firearm offense. *Id*. at ¶ 35. His crimes show a history of violent behavior. *See, e.g.*, *id*. at ¶ 40 (assaulting a woman with a car in the presence of two minors); *id*. at ¶ 35 (committing assault by threatening use of a firearm while stealing money from a grocery store).

The conduct underlying Mr. Dewalt's crimes of conviction involved even more drugs and firearms. In July 2019, officers arrested Mr. Dewalt and searched his car after a confidential informant purchased heroin from him two different times. *Id*. at ¶¶ 4–8.

2

The officers found a loaded firearm, methamphetamine, heroin, and cocaine base in his car. *Id*. at ¶ 8.

Mr. Dewalt's guideline imprisonment range was 151 months to 188 months. *Id*. ¶ 78; Doc. 41 at 1. The Court varied downward and sentenced him to 140 months because he was a "street-level" drug dealer, expressed remorse, had a support system, and was involved in the community, and because the sentence was three times as long as his longest previously-served sentence. Doc. 41 at 3. At resentencing, the Court varied downward an additional month for the same reasons and for his "progress and positive adjustment in prison." Doc. 50; Doc. 59 at 2; Doc. 61 at 3.

Mr. Dewalt is currently 34 years old. *See* Doc. 33 at 3. He has been in custody for five and a half years. *See id*. at 2 (stating detention date of February 27, 2020). He is currently scheduled to be released on May 23, 2030. *See Find an Inmate*, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 11, 2025).

### B. The Current Motion

In his motion, Mr. Dewalt states that he is the only available caretaker for his father, Mr. Lyons, who suffers from stage IV prostate cancer. Doc. 67 at 2. Mr. Dewalt contends that he "is realistically the only possible live-in caretaker for his father." *Id*. Mr. Dewalt submits his father's affidavit in which Mr. Lyons states that he is "unable to care for [him]self and cannot afford to hire anyone to help [him]." Doc. 67-4 at 2. Mr. Lyons asserts that he needs his son to live with him and help him with "daily living." *Id*. Mr. Lyons adds that his daughter Kelly Dewalt cannot help him, because she lives in Greensboro, an hour and a half away, and has children and a job. *Id*. Ms. Dewalt's

3

affidavit confirms that she lives in Greensboro, works 40 to 60 hours a week, and has children, and she states that she cannot assist her father or afford to pay a caregiver. *Id*. at 3–4. She notes her father's "need for a full-time caregiver" and believes Mr. Dewalt "is the best person to take care of [their] dad." *Id*.; *see also* Doc. 77-1 at 1 (declaration under oath explaining abandonment by father and lack of relationship with him).

Dr. Benjamin Rush submitted a letter stating that his office treats Mr. Lyons for stage IV prostate cancer. Doc. 67-4 at 5. Dr. Rush adds that Mr. Lyons "has had some side effects from his cancer and cancer treatment including increased frequency of falls and forgetfulness." *Id*. Dr. Rush states that "[h]aving family around may help ease the burden of [Mr. Lyons'] treatment and manage side effects." *Id*.

Mr. Dewalt submits pages of his father's medical records detailing visits for many aliments including hernia, Doc. 67-1 at 24, urinary tract infections, *id*. at 10, back pain, Doc. 67-2 at 34; Doc. 67-3 at 13, which led to back surgery, Doc. 67-3 at 26, and prostate cancer. Doc. 67-1 at 35; Doc. 67-3 at 7. All of the medical records submitted are from 2023 or earlier. *See* Docs. 67-1 to 67-3. The medical records show that Mr. Lyons suffers from stage IV prostate cancer, uses a cane to walk, and "[f]alls if attempting to walk on uneven surfaces." Doc. 67-3 at 13. There is no medical evidence indicating that Mr. Lyons is not able to take care of his basic daily needs.

Mr. Dewalt highlights his rehabilitation work in prison including completion of classes and programs, Doc. 67 at 3; Doc. 62-5, assistance and encouragement to other inmates, Doc. 67 at 4; Doc. 62-6, and certificates earned. Doc. 67 at 4; Doc. 62-7. He uses most of his brief to argue that the § 3553(a) factors support his release. Doc. 67 at

4

4–7. He has submitted multiple supplements to his motion, many detailing his post-release job opportunity. Docs. 68, 68-1, 70, 70-1, 71, 71-1. He has also filed a pro se paper writing in which he makes additional arguments. Doc. 78.

**III. Discussion**

Courts do not have unfettered jurisdiction or discretion to modify criminal sentences. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) ("The law closely guards the finality of criminal sentences against judicial change of heart." (cleaned up)). A court may modify a sentence only when a provision in the Federal Rules of Criminal Procedure or a statute expressly permit it to do so. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), often called the "compassionate release" provision, is one such statutory provision.

For a sentence reduction under § 3582(c)(1)(A) to be appropriate, the movant must satisfy the administrative exhaustion requirement if invoked by the government. *See United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021). The government agrees that Mr. Dewalt has exhausted his administrative remedies. *See* Doc. 72 at 7 n.1. Section 3582(c)(1)(A) also requires that extraordinary and compelling reasons merit a reduction in sentence, that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission, and that the relevant § 3553(a) sentencing factors do not counsel against early release. *See United States v. Mangarella*, 57 F.4th 197, 203 (4th Cir. 2023); *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). Even if a court finds extraordinary and compelling reasons, the court in its discretion may deny a motion after balancing the applicable § 3553(a) factors. *High*, 997 F.3d at 186.

## A. Extraordinary and Compelling Reasons

An extraordinary and compelling circumstance may exist if the defendant's parent becomes incapacitated and the defendant is the "only available caregiver" for such person. U.S.S.G. § 1B1.13(b)(3)(C). The policy statement does not define "incapacitation." The case law is consistent that evidence of an elderly parent with health issues is not sufficient to show incapacitation. *See United States v. White*, No. 21-CR-33, 2025 WL 2480722, at *3 (M.D.N.C. Aug. 28, 2025); *United States v. Armstrong*, No. 16-CR-601, 2024 WL 1096621, at *2 (D. Md. Mar. 13, 2024) (finding no showing of incapacitation where the only allegation was that parent suffered heart disease and required regular assistance); *United States v. Richardson*, No. 16-CR-337, 2025 WL 1359359, at *5 (M.D.N.C. May 9, 2025) (finding no showing of incapacitation where "nothing in the records indicate[s] [the defendant's mother] is incapacitated and unable to provide self-care.").

Mr. Dewalt's evidence shows that his father has some serious health issues and could use assistance. But it does not show the requisite incapacitation. While his sister is not available or willing to be a full-time caregiver, Doc. 67-4 at 3–4; Doc. 77-1, it is not clear that his father needs full-time care.

Unfortunately, many incarcerated persons have family members, including children and parents, who could benefit from their presence and care. This is not an extraordinary circumstance in and of itself. Incapacitation is required, and that has not been shown here to the Court's satisfaction.

6

While rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction, it can be considered along with other factors to establish extraordinary and compelling reasons to reduce a sentence. *United States v. Davis*, 99 F.4th 647, 659 (4th Cir. 2024). The Sentencing Commission policy states in relevant part, "rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances" when considering "whether and to what extent" to reduce a sentence. U.S.S.G. § 1B1.13(d).

The Court commends Mr. Dewalt for his rehabilitative efforts but it has not been without incident; he has had three significant disciplinary sanctions. Doc. 72-3. Taken in combination with his father's illness, he has not met the high standard of an extraordinary and compelling circumstance.

Mr. Dewalt relies on *United States v. Henriquez* to support his motion. That decision, which preceded the enactment of the policy statement, involves significantly different facts. Both parents had serious health issues, and six BOP employees wrote in support of that defendant's sentence reduction. *See United States v. Henriquez*, No. 15-CR-225, 2021 WL 5771543, *4–5 (M.D.N.C. Dec. 6, 2021).

Finally, Mr. Dewalt has filed a pro se document to supplement his motion. Doc. 78. He contends that he is no longer a career offender under current law and that this also supports a sentence reduction. *Id*. at 9–10. But he has not identified the particular guideline that he claims has been amended, *id*., and the Court does not know what guideline he is discussing. Even if his argument was clear and referred to a particular guideline, the policy statement requires a defendant to serve ten years in prison before a

sentence reduction can be granted based on a change in the law. U.S.S.G. 1B1.13(b)(6). Mr. Dewalt has not served ten years. Doc. 33 at 2.

### B. Section 3553(a) Factors

Even if extraordinary and compelling circumstances existed, the § 3553(a) factors counsel against release. The Court varied downward and sentenced Mr. Dewalt to 139 months for a number of reasons, as previously discussed. Doc. 50; Doc. 59 at 2; Doc. 61 at 3; Doc. 41 at 3. But then as now, a significant sentence is still appropriate based on the serious nature of the crimes: he sold heroin to a confidential informant twice and had a loaded firearm, methamphetamine, heroin, and cocaine base in his car. Doc. 33 at ¶¶ 4–8. His significant sentence was warranted based on the nature and extent of his criminal history including prior firearm and drug offenses and the fact that previous short sentences did not deter him from new crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(B). Reducing his sentence would not reflect the seriousness of his offense, provide just punishment, or show respect for the law. *See* § 3553(a)(2)(A).

The Court commends Mr. Dewalt for mentoring fellow inmates and completing BOP courses. But those actions are insufficient to warrant early release under the § 3553(a) factors.

## IV. Conclusion

Mr. Dewalt has not demonstrated that extraordinary and compelling circumstances warrant a sentence reduction because he has not shown evidence of his father's incapacitation. Even if he had, the sentencing factors weigh against release.

It is **ORDERED** that the defendant's motion for compassionate release, Doc. 67, is **DENIED**.

This the 18th day of November, 2025.

                                                      UNITED STATES DISTRICT JUDGE